# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN PATRICK HORNFECK, | ) |
| Petitioner, | ) |
| v. | ) 2:06-cv-00127-WMA-JEO |
| ROBBY OWEN, DISTRICT ATTORNEY, SHELBY COUNTY, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody pursuant to his arrest on multiple charges. *See* 28 U.S.C. § 2241. The petitioner, Steven Patrick Hornfeck, filed the current habeas corpus petition on January 18, 2006. (Doc. 1).[1] In support of his petition, he asserts that he is being denied a speedy trial by local authorities. Upon consideration, the court finds that the petition is due to be dismissed.

## PROCEDURAL HISTORY

According to the petition, Hornfeck has multiple pending charges in the Circuit Court of Shelby County, Alabama. They include second degree burglary and first degree sexual abuse.

He was indicted during the April 2000 term of the Shelby County Grand Jury. On June 6, 2000, the Circuit Court signed a standard pretrial order granting the petitioner a speedy trial. (Ex. B).[2] His case was continued various times until March 10, 2005, due to the crowded dockets in Shelby County Circuit Court. (Ex. C; Doc. 11 at ¶ 3). When the petitioner failed to

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court.

[2] References herein to "Ex. ___" are to the exhibits attached to the respondents' answer at document 12.

appear, alias warrants were issued. The petitioner was arrested on April 29, 2005, and has been incarcerated since that time. (Doc. 1 at 4-5). The petitioner has not filed any state petitions for habeas corpus relief. (Doc. 12 at 2). Additionally, he has not filed any other pleadings in state court asserting that he has been denied his right to a speedy trial.

The petitioner filed the present *pro se* petition for federal habeas corpus relief on January 18, 2006. He complains that his case has taken unduly long to get to trial. (Doc. 1 at 4). The respondents were ordered to appear and show cause why the requested relief should not be granted. (Doc. 10). They filed their answer, asserting that the present petition is due to be denied because the petitioner has not exhausted available state remedies. (Doc. 12). The petitioner has had adequate time to respond, but has failed to do so.

## DISCUSSION

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

To the extent that the petitioner's claims are brought pursuant to 28 U.S.C. § 2241, the result is the same. He must exhaust his state court remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S. Ct. 112, 35 L. Ed. 2d 443 (1973).

The present claim has not been presented to and adjudicated in the state courts. He may raise this issue via a petition for a writ of habeas corpus in state court. *See Williams v. State*, 511 So. 2d 265 (Ala. Crim. App. 1987) (defendant whose right to a speedy trial has been violated may be granted relief by habeas corpus filed in state court when no other remedy is available). Additionally, he would have the ability to seek appellate review of any denial of his request for habeas relief. *See Rutledge v. State*, 745 So. 2d 912, 918 (Ala. Crim. App. 1999).

## CONCLUSION

In accord with the foregoing, the court finds that the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** to permit the petitioner to exhaust his available state remedies. An order in accordance with these findings will be entered.

**DONE** this the 31st day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE